NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000662
28-FEB-2020
07:50 AM

NO. CAAP-18-0000662

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

BMH, n.k.a. BEM, Plaintiff-Appellant,
v.
BTH, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 05-1-0677)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Wadsworth, JJ.)

Plaintiffs-Appellants BMH n.k.a. BEM (**Mother**) and CM (**Daughter**), appeal from the "Order Granting in Part First Amended Motion and Declaration for Post-Decree Relief Filed August 25, 2016 and Motion and Declaration for Post-Decree Relief Filed September 8, 2016" (**Order Terminating Support**), entered on February 23, 2018, and the "Order Regarding Defendant's Attorney's Fees and Costs" (**Order Granting Fees and Costs**), entered on July 24, 2018, both entered by the Family Court of the First Circuit (**Family Court**) in favor of Defendant-Appellee BTH (**Father**).[1]

Mother and Daughter raise two points of error on appeal: (1) the Family Court erred in determining that Daughter

---

[1] The Honorable Naʻunanikinaʻu A. Kamaliʻi presided.

was not enrolled as a full-time student at the close of the Fall 2015 semester thereby terminating Father's support obligations for Daughter effective January 1, 2016; and (2) the Family Court abused its discretion in entering its Order Granting Attorney's Fees and Costs in favor of Father.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant legal authorities, we vacate and remand.

**(1) Termination of Father's support obligations.** On August 29, 2006, the Family Court entered in this case a "Decree Granting Absolute Divorce and Awarding Child Custody" (**Divorce Decree**).[2]  With regard to child support, the Divorce Decree provides in relevant part:

> 6.  CHILD SUPPORT.  Beginning with the first payment on August 1, 2006, [Father] shall pay to [Mother] the sum of Eight Hundred Ten Dollars ($810.00) per month per child, or the total sum of One Thousand Six Hundred Twenty Dollars ($1,620.00) per month for the support and maintenance of the children, . . . .  Payments of child support shall continue for each child until each child attains age eighteen (18) years, or graduates from high school, or discontinues high school, whichever occurs last.  <u>Child support for each child shall further continue uninterrupted</u> (including during regular school vacation periods) <u>for so long as the child continues their education post high school on a full-time basis at an accredited college or university,</u> or in a vocational or trade school, or until the child attains the age of twenty-three (23) years, whichever occurs first.

(Emphasis added).  The Divorce Decree also contains a provision for education expenses after high school, which provides in pertinent part:

> 8.  POST-HIGH SCHOOL EDUCATIONAL EXPENSES.  [Father] shall pay 50% and [Mother] shall pay 50% of the educational expenses, as defined below, incurred by each of the children <u>while the child is a full-time student and under the age of twenty-three (23).</u> . . .
>
> For these purposes, educational expenses shall be defined to include (a) tuition, (b) fees, and (c) the cost of necessary books and other course materials.
>
> In addition, while the child in question is attending school and not living principally with one or the other of the parties,

---

[2]  The Divorce Decree was entered by the Honorable Karen M. Radius.

2

> educational expenses for these purposes shall also be defined to include (a) room and board, (b) transportation to and from school, and (c) a reasonable allowance.

(Emphasis added).

It is undisputed that, in the Fall of 2015, Daughter enrolled at Kapi'olani Community College (**KCC**) as a full-time student, taking classes with 12 credits.[3] Pursuant to the Divorce Decree, Father reimbursed Mother for one-half of the tuition for the Fall 2015 semester. At the end of that semester, Daughter failed to pass one of her courses, thus only earning 9 credits. In this regard, the Family Court determined that:

> During [Daughter's] Fall 2015 semester at KCC, [Daughter] failed one of her 3.0 credit classes, received 0.00 credits for that class . . . and earned only 9.0 credits of 12.0 full time credit load[]. At the close of the Fall 2015 semester, [Daughter] failed to maintain full time enrollment status at KCC.

(Underline added). Thereafter, in the Spring 2016 semester, Daughter was a full-time student at KCC and earned 12 credits. However, Father did not reimburse Mother for one-half of the tuition for the Spring 2016 semester.

Subsequently, both Mother and Father filed motions for post-decree relief with regard to Father's obligation to pay child support and educational expenses for Daughter. On February 23, 2018, the Family Court entered its Order Terminating Support, which: (1) terminated Father's child support obligation for Daughter as of January 1, 2016; and (2) denied Mother's request for Father to continue to pay his share of Daughter's educational expenses incurred after the Fall 2015 semester.[4] The Family Court subsequently granted Father's motion for attorney's fees and costs.

---

[3]  It is also undisputed that Daughter was under the age of 23 during the time period in question.

[4]  The Family Court's ruling as to educational expenses expressly states: "Because [Daughter] failed to maintain her full time student status at the end of her Fall 2015 semester at KCC, [Father's] obligation to pay educational expenses terminated at the end of the Fall 2015 semester."

In their first point of error, Mother and Daughter argue that the Family Court erred in terminating Father's support obligations for Daughter on grounds that she failed one of her courses in the Fall 2015 semester, and thus the court held she failed to maintain full-time status at KCC. We agree with Mother and Daughter that the Family Court erred in its interpretation of the Divorce Decree.

Contrary to Father's argument, we need not review the transcripts from the evidentiary hearing to resolve this issue. Rather, Mother and Daughter's first point of error raises a question that requires us to interpret the relevant provisions of the Divorce Decree.[5] We are not bound by the Family Court's interpretation of the Divorce Decree. Jendrusch v. Jendrusch, 1 Haw. App. 605, 609, 623 P.2d 893, 897 (1981) (reviewing a family court's interpretation of a divorce decree and noting that "[t]he lower court's interpretation is not protected by the clearly erroneous rule and is freely reviewable." (citation omitted)). The determinative factor in construing a Divorce Decree "is the intent of the court as gathered from the decree and other evidence."[6] Anderson v. Anderson, 59 Haw. 575, 584, 585 P.2d 938, 944 (1978) (citations omitted). In addition, "[a] judgment or decree like any other written instrument is to be construed reasonably and as a whole, and effect must be given not only to that which is expressed, but also to that which is unavoidably and necessarily implied in the judgment or decree." Id. at 584-85, 585 P.2d at 944 (citations omitted).

---

[5] Mother points to Hawaii Revised Statutes (**HRS**) § 576E-14(f) as providing statutory authority for her reading of the Divorce Decree in this case. In our view, the terms of the Divorce Decree are paramount here, and this appeal does not arise from an administrative proceeding involving the child support enforcement agency. Thus, for purposes of this appeal, we need not consider the application of HRS § 576E-14(f).

[6] Neither Mother nor Father point to any evidence at the time the Divorce Decree was entered to evince the Family Court's intent when it used the phrases "full-time basis" or "full-time student" in the Divorce Decree.

The Divorce Decree provides that child support for Daughter shall continue "for so long as the child continues their education post high school on a full-time basis at an accredited college or university[.]"  The Divorce Decree further provides that educational support shall continue to be paid "while the child is a full-time student and under the age of twenty-three[.]"  Here, it is undisputed that Daughter enrolled at KCC as a full-time student for 12 credits in the Fall 2015 semester.  The Family Court made the express finding that the reason Daughter only earned 9 credits in the Fall of 2015 was because she "failed one of her 3.0 credit classes[.]"  Moreover, the Family Court found that in the following Spring 2016 semester, Daughter earned 12 credits of a full-time 12 credit load.  There is nothing in the Divorce Decree to suggest that Daughter would become less than a full-time student due to failing a class.

The terms of the Divorce Decree obligate Father to provide child support and educational support so long as Daughter continues post-high school to be a full-time student at an accredited college, or until she reaches the age of 23.  While Daughter did not earn all of the credits for the classes in which she was enrolled in the Fall 2015 semester, we conclude this was not a proper basis on which to terminate Father's obligations to pay child support and educational support for Daughter.  Accordingly, the Family Court erred in terminating Father's obligation to pay child support and educational expenses in its Order Terminating Support.

**(2) Attorney's Fees and Costs.**  Father recognizes in his appellate answering brief that the Family Court awarded him attorney's fees and costs because he was determined to be the prevailing party with regard to the post-decree motions filed by Mother and Father that are the subject of this appeal.  In light of our holding that the Family Court erred in terminating Father's support obligations, as set forth above, we conclude he is not the prevailing party on the main issues in those post-

decree motions. Thus, the award of fees and costs to Father is vacated.

Therefore, it is hereby ordered that the "Order Granting in Part First Amended Motion and Declaration for Post-Decree Relief Filed August 25, 2016 and Motion and Declaration for Post-Decree Relief Filed September 8, 2016", entered on February 23, 2018, and the "Order Regarding Defendant's Attorney's Fees and Costs", entered on July 24, 2018, both entered by the Family Court of the First Circuit, are vacated. This case is remanded to the Family Court for proceedings consistent with this order.

DATED: Honolulu, Hawai'i, February 28, 2020.

On the briefs:

BEM,
Plaintiff-Appellant, *pro se*.

Zale T. Okazaki,
for CM, Appellant.

Blake T. Okimoto,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge